WILLIAM BRECKENRIDGE *et al.*

*v.*

WILLIAM F. OSTROM, Admr, etc.

1. PARTIES—*suit by an administrator—objection to his right to sue as such.*
Where the answer to a bill filed by an administrator did not distinctly
deny that the complainant was administrator, but averred ignorance on
the subject, and required proper proof, and, on the conclusion of the tes-
timony, the defendant made a motion to dismiss the bill for a different
reason, without intimating any objection of want of proof of appoint-
ment as administrator, it was *held*, on appeal, that, if the defendant de-
sired to dispute the complainant's right to bring the suit in the capacity
which he assumed, he should have done so in the court below, in some
more explicit manner.

2. VARIANCE—*between a bill in chancery and the proof and decree.*
Where an administrator filed a bill for the settlement of a partnership
interest of his intestate in a canal boat, claiming that the interest of the
intestate was one-half, and the decree found that his interest was less than
one-half, the variance was not a material one.

3. ADMINISTRATION OF ESTATES—*jurisdiction of a court of equity.*
Whilst the act of 1871-2, in regard to the administration of estates, be-
stows upon the county court certain jurisdiction in respect to partner-
ship estates in case of the death of one partner, it is not exclusive of
the ordinary jurisdiction of a court of equity, in a case where an admin-
istrator files a bill alleging a partnership interest in his intestate, which
is denied by the defendant, and asking for the appointment of a receiver,
and an accounting.

APPEAL from the Superior Court of Cook county; the
Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. SNOWHOOK & GRAY, for the appellants.

Mr. E. F. ALLEN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, brought by William F. Ostrom,
as administrator, with the will annexed, of the estate of
George J. Winton, deceased, against William and Margaret

Breckenridge, for relief with respect to an alleged partnership in the purchase and running of a certain canal boat.

The bill alleges that, in March, 1870, Winton purchased an undivided one-half interest in the canal boat "Isabella," for $825, and that the defendants purchased the other half interest; that Winton and the defendants entered into a partnership for the running of the boat; that they were to divide the profits and losses share and share alike; in pursuance whereof they continued to own and run the boat as partners up to the time of the death of Winton, which occurred in November or December, 1872; that the title to the boat was taken and held in the name of Margaret Breckenridge only, but in trust for the use and benefit of the partnership; that since the death of Winton, defendants denied his interest in the boat.

The bill prayed for an injunction restraining defendants from selling or disposing of the boat, and for a receiver and an accounting.

The answers denied the material allegations of the bill as to the partnership and joint ownership of the boat, and set up that Margaret Breckenridge alone purchased the boat; that Winton was master of the boat for her, and in that capacity ran the boat, having no interest therein as proprietor or co-partner.

It was stipulated on the hearing that all matters between the defendants and Winton were settled at Winton's death, except his interest in the canal boat, and that the value of the boat was $1100.

Upon hearing, the court below found in accordance with the averments in the bill, and that the interest of Winton in the canal boat was $\frac{600}{1650}$ of the whole, and decreed a sale of the boat and distribution of the proceeds according to the interest of the parties as found by the decree.

It is insisted that the decree is not supported by the evidence. The evidence was conflicting in regard to the ownership of the boat.

The defendants testified that the boat was purchased by Mrs. Breckenridge with her own money. But the agent of the owner of the boat, and who made the sale thereof, testified that he had the principal conversation with Winton about the boat and the purchase; that he never had any conversation with Mrs. Breckenridge in reference to the purchase of the boat; that Mr. and Mrs. Breckenridge paid $800 in money, and Winton paid a check for $600, and there was a note given for $250.

Another witness testified that, on or about the day of the purchase, he gave Winton a check on a bank for $600 payable to Winton or order. There is no doubt this was the same check Winton paid toward the purchase of the boat. There was other disinterested testimony tending to show that Winton paid a part of the purchase price. The finding of the decree in this respect is supported by the evidence, and we are satisfied with its correctness.

It is urged there was no proof made of complainant's appointment as administrator. There was no distinct denial in the answers, of complainant being administrator, but only of ignorance of the fact, except as informed by the bill, and asking the court to require proper proof of the matter. On the conclusion of the testimony, defendants made a motion to dismiss the bill for a different reason, without intimating any objection of want of proof of appointment as administrator. We must regard this as neglect to make mere formal proof, where, if a direct denial and objection had been made, and attention called to the subject, the proof might at once have been made. by production of the letters of administration; and that if defendants would dispute complainant's right to bring the bill in the representative character which he assumed, they should have done so in the court below in some more direct and explicit manner than was done in this case.

It is objected that there was a variance between the proof and decree and the case made by the bill, in that the bill alleges in Winton a half interest in the boat, and the decree

finds a less interest. Such a variance in regard to quantity of interest, is not a material one, and besides, the proof would have justified the finding of a one-half interest, there being evidence that the note for $250, given at the time of the purchase, was afterward paid by Winton.

There was a motion in the court below to dismiss the bill for the reason that a jurisdiction complete and summary was conferred on the county court, in cases similar to this, by the "Act in regard to the administration of estates." Laws 1871–2, pp. 99, 100. That act does bestow upon the county court certain jurisdiction with respect to the partnership estate in case of the death of one partner, but we do not regard it as exclusive of the ordinary jurisdiction of a court of equity in a case of this character.

Finding no error in the record, the decree is affirmed.

*Decree affirmed.*