EUGENE C. WHARF, Appellant, *vs.* EDITH STONE WHARF *et al.* Appellees.

*Opinion filed December 19, 1922.*

1. PARTNERSHIPS—*partnership real estate is held by surviving partner as personalty under Uniform Partnership act.* Under the Uniform Partnership act, upon the death of a partner in a firm dealing in real estate all unsold lots purchased in the names of the partners pass to the surviving partner as personal property, not only for winding up the partnership but for the purpose of distribution, and having the legal title he may release mortgages and sell and convey the property and distribute the proceeds.

2. SAME—*when bill of surviving partner must be dismissed for want of equity.* A bill by a surviving partner of a firm dealing in real estate for profit, praying that he be decreed to have authority to make conveyances to purchasers, release mortgages, and to have his interest in the real estate declared, will be dismissed for want of equity, as the interest of the deceased partner becomes vested in the survivor under the Uniform Partnership act, and the settlement and accounting can be had in the county court without the necessity of any interference by a court of equity.

3. SAME—*when equity will not interfere with jurisdiction of the county court.* The jurisdiction of the county court is not exclusive in the settlement of partnership estates, but a court of equity will not interfere unless there is some equitable ground for such interference.

STONE, J., dissenting.

APPEAL from the Circuit Court of Richland county; the Hon. CHARLES H. MILLER, Judge, presiding.

John Lynch, for appellant.

R. S. Rowland, McCawley Baird, and J. C. Howard, guardian *ad litem,* for appellees.

Mr. Justice Cartwright delivered the opinion of the court:

In March, 1911, the appellant, Eugene C. Wharf, and James E. Wharf, his father, formed a partnership for the purchase of real estate to be improved and sold for their mutual profit. They purchased 46.24 acres of land on Milwaukee avenue, in Jefferson Park, Chicago, for the purpose of platting it, laying it out in lots, blocks, streets and alleys, making improvements and constructing dwelling houses on some of the lots and making sales. They laid out and platted the land in a subdivision called Sunnyside addition to Jefferson Park. Each paid in money aggregating $36,018.57. They constructed a number of dwelling houses and made improvements, such as sewers, pavements and grading of streets, employed a real estate firm to attend to the selling and placed the property on the market. They sold all the property on which dwelling houses were erected on the lots. The title to the tract was taken in the names of both partners individually, and in many of the sales the full purchase price was paid and the lots were conveyed to the purchasers. In other sales a portion of the purchase price was paid and a first mortgage was taken to secure the balance, and in other sales second mortgages were taken for deferred payments. Most of the sales were by contract, and as they matured and the amount required was paid deeds were executed. The money received from sales was deposited to the credit of the firm in a bank and all liabilities were paid therefrom, and from time to time there was an equal division of the accumulated funds. James E. Wharf, who lived at Olney, in Richland county, died intestate on October 25, 1921, leaving Edith Stone Wharf, his

widow, Eugene C. Wharf, the appellant, Alison J. Wharf, Pauline Rexroat, Nana King and Edna Kaufman, his children, and Jane Wharf, an adopted minor, his heirs-at-law. The appellant filed his bill in equity in the circuit court of Richland county in which he alleged these facts, and also that at the time of the death of Wharf the partnership had on hand unpaid first mortgages amounting to $11,900, second mortgages amounting to $16,615 and unpaid contracts of sales of lots amounting to $20,843.44; that there were 58 lots which had not been disposed of and would not be needed for the settlement of the partnership; that the estate of Wharf was being administered in the county court of Richland county by Edith and Alison J. Wharf as administrators; that the appellant was administering the partnership estate for the purpose of winding up its affairs, and had collected the amounts that had come due on mortgages and contracts of sale, paid the debts accruing and divided between himself and the administrators the balance; that since the death of Wharf two contracts for the purchase of lots had been complied with, and he had executed in the firm name, as surviving partner, and delivered, deeds of conveyance, but in each case before a guaranty policy could be secured he was required to give a bond to hold the insurer harmless in case it was held that he had no power to convey a valid title, and that holders of contracts would be entitled to deeds of conveyance on complying with the terms of their contracts and mortgagors would be entitled to deeds of release. The prayer of the bill was that it should be decreed that the appellant was vested, as surviving partner, with an undivided half of the 58 lots unsold, free from all dower rights, and the remaining undivided half vested in the heirs-at-law of James E. Wharf according to the laws of descent of intestate property; that the appellant should be authorized to carry out and complete the contracts of sale, to execute deeds as the purchasers might become entitled thereto, conveying all the legal and equitable title of

306—6

the partnership in fee simple free of all dower rights, and to release mortgages as the debts secured thereby should be paid. Edith Stone Wharf, appearing by different attorneys, filed two demurrers, one in her own right and another as administratrix. The guardian *ad litem* of the minor, Jane Wharf, filed a demurrer, and the other defendants were defaulted. The court sustained the demurrers, and the appellant having elected to stand by his bill, it was dismissed at his costs, and he appealed.

The appellee Edith Stone Wharf appears in this court in her different capacities as administratrix and in her own right and is represented by different counsel, who have filed separate briefs and arguments, and the guardian *ad litem* of Jane Wharf has adopted the brief and argument filed by the widow in her own right.

The questions concerning which the parties are divided are whether the 58 lots remaining and not needed for the settlement of the partnership have passed as real estate to the heirs-at-law or as personal property, and whether the bill stated any ground of equitable jurisdiction. The partnership was formed to deal in real estate for profit, and the same rules of law apply as in other partnerships where real estate is the subject matter of a partnership business. In such cases, in the absence of any different agreement, the real estate is regarded as personal property in order to effectuate the partnership business and the settlement of partnership affairs. The English rule, established first by judicial decision and more recently by statute, is, that real estate is regarded as converted into personalty for all purposes, including not only the partnership business and the settlement of the partnership affairs, but also the succession as between the personal representatives of a deceased partner and the heir-at-law. The rule of nearly all courts in the United States is that real estate is to be regarded as personal property only for the business of the partnership and the settlement of its affairs, and when no longer needed

for that purpose the ordinary incidents and quality of real
estate revive and the property goes according to the Statute
of Descent. This is a doctrine of re-conversion of real
estate to its original character, or, rather, that the conver-
sion to personalty is for a temporary purpose, only, and
when the object ceases the supposed conversion ends. This
court has followed those rules and held that during the ex-
istence of the partnership, and until the partnership affairs
are settled, the debts paid and all accounts between the part-
ners adjusted, the real estate stands on the same footing as
personal property and is not subject to dower or homestead.
(*Bopp* v. *Fox,* 63 Ill. 540; *Simpson* v. *Leech,* 86 id. 286;
*Trowbridge* v. *Cross,* 117 id. 109; *Parish* v. *Bainum,* 291
id. 374.) But the law has also been that the doctrine of
survivorship in respect to estates in partnership in real prop-
erty was limited to the extent to which equity stamps the
character of personalty upon such estates, which was as far,
and no farther, than they were required to pay partner-
ship debts, and whatever remained of partnership real es-
tate after the debts of the partnership had been discharged
was held as tenants in common, subject to dower or curtesy,
and went to the heirs of a deceased partner. *Strong* v.
*Lord,* 107 Ill. 25; *Galbraith* v. *Tracy,* 153 id. 54.

That being the state of the law, the legislature in 1917
passed an act entitled "An act relating to partnerships and
promote uniformity in the law with reference thereto."
(Laws of 1917, p. 625.) The act covered a large scope
and contained seven parts, covering the nature of partner-
ship, the relation of partners to persons dealing with the
partnership, the relation of partners to one another, the
property rights of partners, and the dissolution and wind-
ing up of partnerships. The act made material changes in
the law of this State relating to partnerships, and it became
a law without the approval of the Governor. It purports
to be a complete code declaring the law as to all these sub-
jects and makes material changes in the law of this State

relating to partnership, but whatever its intrinsic merits or demerits, it represents the judgment of the legislature as to the law of partnership. Related in some way to the question here involved it contains the following provisions:

In part 2, paragraph 3 of section 8 is as follows:

"(3) Any estate in real property may be acquired in the partnership name. Title so acquired can be conveyed only in the partnership name."

In part 3, paragraphs 4 and 5 of section 10 are as follows:

"(4) Where the title to real property is in the name of one or more or all the partners, or in a third person in trust for the partnership, a conveyance executed by a partner in the partnership name, or in his own name, passes the equitable interest of the partnership, provided the act is one within the authority of the partner under the provisions of paragraph 1 of section 9.

"(5) Where the title to real property is in the names of all the partners a conveyance executed by all the partners passes all their rights in such property."

In part 5, clauses (*d*) and (*e*) of paragraph 2 of section 25, and section 26, are as follows:

"(d) On the death of a partner his right in specific partnership property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representative of the last surviving partner, has no right to possess the partnership property for any but a partnership purpose.

"(e) A partner's right in specific partnership property is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin."

"Sec. 26. A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property."

In part 6, section 31 declares a dissolution is caused "(4) by the death of any partner."

Paragraph 1 of section 38 contains the following:

"(1) When dissolution is caused in any way, except in contravention of the partnership agreement, each partner, as against his co-partners and all persons claiming through them in respect of their interests in the partnership, unless otherwise agreed, may have the partnership property applied to discharge its liabilities, and the surplus applied to pay in cash the net amount owing to the respective partners."

The provisions that any estate in real property may be acquired in the partnership name and title so acquired can be conveyed only in the partnership name, and that where the title to real property is in the names of the partners the conveyance by one partner passes the equitable interest of the partnership, have no relation to the facts in this case and are only worthy of consideration so far, if at all, as they indicate the nature of the property. The title in this case was not acquired in the partnership name but was in the names of the partners, and the provision in such a case that a deed by one passes the equitable title to the whole indicates a legal title in the individual partners, and in case of a conveyance by one, the other partner, through the equity, would be compelled to convey his legal title. The provision that partnership land shall not be subject to dower, curtesy and allowances to heirs necessarily applies to the property of a partner after his death. The provision that on the death of a partner his right in specific partnership property vests in the surviving partner or partners except when the deceased was the last surviving partner, when his right vests in his legal representative, leads to a conclusion that real property passes on the death of a partner as personalty since the legal representative would take it as such. The qualification that the legal representative has no right to possess the partnership property for any but a partnership purpose applies to the winding up of the partnership

business. The provision that a partner's interest in the partnership is his share of the profits and surplus and the same is personal property, and that when dissolution is caused by death, each partner, as against his co-partner and all persons claiming through them, in respect to their interest in the partnership, unless otherwise agreed, may have the partnership property applied to discharge its liabilities and the surplus applied to pay in cash the net amount owing to the respective partners, is inconsistent with the doctrine heretofore held that upon the settlement of the partnership affairs real estate resumes it original character and descends to heirs. It seems that the legislative intention was to adopt the English rule, that real estate which becomes personal property for the purposes of a partnership remains personal property for the purpose of distribution.

There is no dispute of the proposition that the appellant, as surviving partner, is authorized and required to wind up the partnership business, and the statute changes the rule that the doctrine of survivorship in respect to estates in partnership in real property is limited to the extent to which such property is given the character of personalty for the purposes of the partnership and to pay partnership liabilities. The title of his partner in the specific partnership property having vested in him, appellant has a right to convey to purchasers, release mortgages, sell and convey the property and distribute the proceeds. That being so, the bill states no ground of equitable jurisdiction, but the settlement and accounting are to be in the county court. While the jurisdiction of that court is not exclusive in the settlement of partnership estates, (*Breckenridge* v. *Ostrom,* 79 Ill. 71,) a court of equity will only interfere when there is some equitable ground for such interference.

The decree is affirmed.

*Decree affirmed.*

Mr. JUSTICE STONE, dissenting.