## MARKS v. MARKS.

Western Section.   July 11, 1925.

Certiorari denied by Supreme Court December 12, 1925.

1. **Partnership. Real estate of partnership not held as personalty unless needed for partnership purposes.**
   Rule that real estate of partnership is held as personalty for partnership purposes, but where not needed for such purposes descends as other real estate to the heir, has not been changed by Acts 1917, chapter 140, 8(2), providing that unless contrary intention appears, property acquired with partnership·funds is partnership property.

2. **Statutes. Acts affecting title to realty not retroactive.**
   Statutes in regard to realty have no retroactive effect.

3. **Partnership. Widow claiming partnership property as personalty has burden to show it was purchased with partnership funds.**
   Widow of deceased partner, asserting that real estate of partnership was personalty and descended to her as sole distributee has burden of showing that such real estate was purchased with partnership funds.

4. **Partnership. Money invested in real estate not necessarily partnership property.**
   The fact that partners invest the profits of their business in real estate does not necessarily make it partnership property.

5. **Partnership. Agreement to share profits and losses of real estate purchased with partnership funds does not create partnership in such realty.**
   Sharing profits and losses is incident to relationship of tenancy in common and fact that partners buy real estate with profits of the business and agree to share profits and losses does not make the property partnership assets.

6. **Partnership. Where evidence showed no individual property of deceased, decree that widow of deceased partner was entitled to homestead in realty, held without application.**

In an action to hold real estate belonging to partners as personalty where record did not show any individual property of deceased partner, a decree that widow was entitled to homestead out of any realty of deceased, though abstractly correct, held not to apply to the case.

7. **Taxation. Widow paying taxes on partnership realty in mistaken belief that she was entitled to distribution as personalty held entitled to reimbursement for taxes paid.**

Where widow of deceased partner claimed partnership realty to be personalty under Acts 1917, c. 140, 8(2), and paid inheritance tax on that theory, court properly decreed, on holding that such real estate descended as realty, that she was entitled to reimbursement for taxes so paid.

8. **Costs. Allowance in discretion of chancellor.**

The matter of costs is in the sound discretion of the chancellor.

9. **Costs. Defendant's failure to tender amount plaintiff entitled to authorizes divisions of costs.**

That defendant does not tender an amount admitted to be due is ground for charging defendant with costs at law, and it follows that defendant's failure to offer or concede to widow of deceased partner her right of dower in partnership lands will authorize assessment of costs equally to the parties though widow's claim as sole distributee of husband's interest in such realty as personalty was disallowed.

Appeal from and Error to Chancery Court, Madison County; Hon. Tom C. Rye, Chancellor.

Modified and affirmed.

Elias Gates, of Memphis, and C. W. Hewgley, of Jackson, for appellant.

Bond and Bond, of Jackson, for appellees.

HEISKELL, J. The bill filed by the complainant in this cause alleges:

That she is the widow and sole distributee of Louis Marks, who died intestate on April 5, 1920.

That Louis and Philip Marks were brothers and had for many years prior to the death of Louis carried on a successful mercantile partnership. That from time to time they purchased, with partnership funds, real estate, some of which was bought and used for partnership purposes by the mercantile firm of Marks Bros., and that the remainder of said real estate became, by virtue of said purchase, partnership assets either of the said firm of Marks Bros. or of the firm of P. & L. Marks, a firm constituted to deal in real estate by said Louis and Philip Marks, and that therefore the interest of her said deceased husband, Louis Marks, in said real estate is to be treated as money and not as land, and therefore goes. to her as sole distributee and not to the defendants as heirs of Louis Marks, under the theory that he and Philip Marks held said real estate as tenants in common.

The bill also alleges and claims that, if mistaken in the main contention, complainant is entitled to homestead and dower in said real estate and to recover from the defendants the amount she paid for inheritance tax on the supposition of her taking her husband's half interest in said real estate as distributee.

The answer denies all the claims of the bill except as to dower, which defendants say they are willing to submit to the court. Defendants, who are the heirs at law of Louis Marks, insist that property was held by Louis and Philip as tenants in common, and that therefore the half interest of Louis descended to them.

The chancellor held that complainant was not entitled to any relief on the theory that the real estate was partnership assets, but was entitled to dower and to recover the amount paid for inheritance taxes based on the value of a half interest in the real estate. The decree also contains this:

"The court further decrees that complainant is entitled to homestead out of any of the real estate owned by L. Marks individually."

The decree also denies complainant any relief as to the item of $20,234.73, and we do not understand that this is now contended for.

The decree adjudged the costs one-half against each party.

Complainant has appealed from the decree so far as against her, and defendants prosecute a writ of error as to so much of the decree as allows homestead to complainant and grants her a recovery for inheritance taxes paid on the Louis Marks real estate, and as adjudges one-half the costs against the defendants.

The first and principal question is whether the real estate purchased and held by Philip and Louis Marks, on the death of the latter, there being no need to use it for partnership purposes, went to the widow as personalty or to the heirs as realty.

Conceding that the proof shows the real estate in question here to be partnership property, unless the rule has been changed by the Act of 1917, chapter 140, the complainant cannot succeed.

"It is the settled rule of property in this state that the real estate of a partnership is held as personalty, for the purposes of the partnership, but where not needed for such purposes it descends as other real estate to the heir. This being the rule, the court holds that the widow of a deceased partner cannot treat the real estate as personal property, but that it goes to the heir as realty." Williamson v. Fontain, 7 Bax., 212, citing McAlister v. Montgomery, 3 Hayw., 9; Yeatman v. Woods, 6 Yerg., 20, 27 Am. Dec., 452; Piper v. Smith, 1 Head, 97.

For complainant, Acts 1917, chapter 140, section 8 (2), is cited and relied upon.

"Unless the contrary intention appears, property acquired with partnership funds is partnership property."

In the first place, statutes in regard to the title to property have no retroactive effect. Therefore the title to this real estate of Philip and Louis Marks stands as it did when it was purchased before the act of 1917.

In the second place, it is a question in controversy here whether or not this property was acquired with partnership funds. Certainly the burden is upon complainant to show that the property was acquired with partnership funds before the act of 1917 can be invoked even if it is retroactive.

In the third place, if it be conceded that this statute applies, and that the real estate was purchased with partnership funds, we have as a result merely partnership real estate, and under the authorities cited above it is to be considered as personalty for partnership purposes only, and, not being needed for such purposes, descends to the heirs as realty.

However, we do not think, looking at all the evidence and circumstances in this case, it was the intention of Philip and Louis Marks that this real estate should be considered as partnership property. Two pieces, it is true; were used afterwards for a place of business, but this was not the intention at the time of the purchase. Nor do we think it was made out by complainant by a preponderance of proof that this property, any of it, was purchased with partnership funds, in the sense of the act of 1917, or of the authorities relied on by complainant. Money derived by partners from their profits in a commercial business may be invested in real estate without making it partnership property.

There is a natural inclination and intention, when two men purchase real estate, to hold it as tenants in common. It is the exception when men intend to form a trading partnership in regard to such real estate.

These Marks brothers probably did not think much about how they held their property. Clearly it was not stock or assets of the commercial firm of Marks Bros. At most it could only be held to be the property of P. & L. Marks, and this be held to be a partnership for the purpose of trading in real estate. This is a strained and unnatural construction of the evidence and circumstances in this case. It is much more reasonable to assume that they intended to invest their earnings in real estate to be held in common until such time as they saw fit to divide. There is nothing to indicate that they bought for Marks Bros. There is nothing to indicate that P. & L. Marks was intended to be a firm to trade in realty. In fact, there is every indication that they did not intend to buy and sell, but only to buy real estate. Two lawyers or two doctors, equal partners in practice, might agree to deposit fees to a joint account to buy real estate; without more the real estate would certainly be

held as tenants in common. An agreement to share profits and losses in a case like this does not indicate a partnership. All tenants in common do this; they cannot do otherwise.

Under the facts and circumstances established by the evidence in this case, is it conceivable that either Philip or Louis Marks could not have filed a bill for partition of this real estate without winding up the mercantile firm of Marks Bros.? It may be said this is not argument, but is merely stating the question at issue in another form. This may be true, but still we think it would tax the ingenuity of counsel to frame from the facts in this case an answer to such a bill brought in the lifetime of both brothers. Death or bankruptcy confuses the question, but does not change the answer.

We are therefore of the opinion that the chancellor was right in holding that the complainant was not entitled to recover the interest of Louis Marks in said realty, and that he was also right in holding that she is entitled to dower in same. As to the item of $20,234.73, appearing on the books of the firm, we do not understand that complainant is now asserting any claim, so the decree in this respect also may be treated as correct.

As to the homestead, the language of the decree is:

> "The court further decrees that complainant is entitled to homestead out of any of the real estate owned by L. Marks individually."

This states, perhaps, a correct abstract principle of law, but we do not find in the record any evidence of property except that held by P. & L. Marks as tenants in common. Complainant is not entitled to homestead out of this. If there is any individual real estate of Louis involved, our attention has not been called to it, and we do not see how it could be brought into this case.

This leaves only two questions raised by the defendants on their writ of error: That the chancellor was in error in holding complainant entitled to recover the amount paid by her for inheritance taxes, on the theory that she owned the Louis Marks half interest in said real estate, and that it was error to decree defendants liable for any part of the costs.

As to the first question, defendants say the payment of inheritance taxes by complainant was a voluntary payment, and from the record this is true. However, if defendants are liable for this inheritance tax, and the payment by complainant can be made to inure to their benefit, we see no reason why they should not refund to complainant the amount she has saved them by an erroneous payment. The records is not in shape to grant any relief to complainant in this regard, but her bill as to this item will be dismissed without prejudice.

The matter of costs is in the sound discretion of the chancellor. In the view he took of the case, there was good reason for dividing the costs, but, as we have modified the decree, there is only one point upon which his action can rest, and that is that defendants did not offer to concede to complainant her right of dower. That a defendant does not tender an amount admitted to be due though much smaller than the amount sued for, is ground for charging defendant with costs at law and a fortiori will justify the chancellor's discretion. For this reason we decline to disturb the decree of the chancellor as to costs, but complainant will be charged with the costs of the appeal.

Except where modified, as indicated herein, the decree of the chancellor is affirmed.

Owen and Clark, JJ., concur.