CULTRA *et al. v.* CULTRA *et al.*

(*Jackson,* April Term, 1949.)

Opinion filed June 10, 1949.

Miles & Miles, Union City, for complainants.

Robert D. Fry, Union City, for defendants.

Mr. Justice Burnett delivered the opinion of the Court.

This case presents the question of whether or not the real estate owned by a partnership, purchased by said partnership with partnership funds for partnership purposes, and not needed to pay partnership debts, descends to the heirs of a deceased partner or continues to be personalty and subject to the laws of distribution.

The cause was heard below on bill, answer and on a stipulation of facts. It is shown, and was found by the chancellor, that four people (Cultra's) were partners doing business under the trade name "Morning Star Nursery," the interest being 1/3 in one of the four and 2/9 in the other three. These partners for the purpose of the partnership acquired three tracts of land. Two of these tracts of land were acquired in the name of the four partners, "Trading and doing business as Morning Star Nursery," while the third tract was merely acquired in the names of the individuals, the trade name not being inserted in the deed. It is shown though without question that this third tract was acquired by partnership out of partnership funds and for partnership purposes.

Two of the partners have died. The question here is raised by the after-born child of one of these partners.

This child through her guardian *ad litem* takes the position that the property descends as realty to her to the exclusion of the widow, that is, the interest of her deceased father. The chancellor held that this property, all having been acquired with partnership funds and for the use of the partnership, upon the death of the partners, their interest therein was to be disposed of as personalty and that the surviving partners had a right to sell this land and then distribute the proceeds thereof as other partnership property.

Prior to the enactment of the Uniform Partnership Law in 1917, Chapter 140 of the Public Acts of that year and is now carried in the Code as Sections 7841-7882 inclusive, the courts of this State have uniformly held that it is a rule of property that real estate of a partnership is held as personalty for the purposes of the partnership but where not needed for such purposes it descends, as other real estate, to the heirs. *Williamson v. Fontain, Ex'r*, 66 Tenn. 212.

In thus holding the courts of this State were in line with the majority of the cases in the United States. These cases hold that the real estate, in equity, is regarded as personal property so long as it was necessary to use the real estate in settling and paying debts of the partnership and in adjusting the equities between the partners, but after ths was done, any real estate remaining descends as real estate and was subject to laws of descent and distribution. See the full and copious Annotation 25, A. L. R. 389, 414, where cases from practically every state in the Union are cited and many are digested, setting forth the respective rules as adopted by various states.

Since the adoption of the Uniform Partnership Act, above referred to, the courts of this State have not passed upon the question. One case, *Marks v. Marks*, 1 Tenn. App. 436, apparently held that the passage of this Act did not affect the previous law, but in deciding that case, the court more or less went off on the proposition that the facts of the case did not show that it was the intent of the partnership to use the realty for partnership purposes or in other words, they held that the interested parties failed to carry the burden of showing that that intent appeared. We, therefore, do not consider this case as an authority upon the question here presented. It is true that in the *Marks case*, the court there cited *Williamson v. Fontain, supra,* but in citing it, the court merely said this was the established law in this State.

Courts of other states, in construing the Uniform Partnership Act, adopt the rule of "out and out" conversion, that is, that when the property is acquired by the partnership, from the partnership fund, for partnership purposes, it becomes personalty for all purposes. The most notable of these cases is *Wharf v. Wharf*, 306 Ill. 79, 137 N. E. 446, 449.

These cases, and the holdings last above referred to, in effect adopt the English rule. This rule is that partnership realty must be regarded as personalty for all purposes, including descent and distribution. Real estate purchased and used for partnership purposes. is an "out and out" conversion personalty so that it will be distrbuted as such. See 25 A. L. R. at page 405.

In Tiffany Real Property, 3rd Edition, Vol. 2, at section 445, it is said: "A conveyance to the partners for partnership purposes makes them, in England, in accordance with the general rule there prevailing, joint

tenants as regards the legal title, with the right of survivorship, and the same view might, it seems, be adopted in those states in which trustees take as joint tenants, since the partners are, in such case, trustees. This appears also to be the purpose and effect of the Uniform Partnership Act.''

Those courts that have considered the Uniform Partnership Act in reference to realty, used and purchased for partnership purposes, have considered the same with reference ''to the sectons of the Act to the effect that: (1) The title to the firm realty vests in the surviving partner and, if there is none, in the personal representative of the deceased partner, (Code Section 7864 (2) (d) ) (2) A partner's interest is only a share in the profits and surpluses, the same being personal property; (Code Section 7865); (3) a partner's interest in specific partnership property is not subject to dower, curtesy, or allowance to the next of kin; (Code Section 7864 (2) (e); and (4) the debts of the partnership are to be paid and the surplus paid in cash to the partners. (Code Section 7877 (1) ).'' 16 Tenn. Law Review, 886.

The Supreme Court of Illinois in *Wharf* v. *Wharf*, *supra*, in commenting on these various sections of the Uniform Partnership Act (the Act of Illinois being identical with that of Tennessee) said: ''It seems that the legislative intention was to adopt the English rule that real estate which becomes personal property for the purposes of a partnership remains personal property for the purpose of distribution.''

■ It is true that in the *Wharf case* the partnership was solely for the purpose of dealing in real estate and that the general rule is that real estate partnerships are considered as personalty, and must be distributed as such.

See list of cases in 25 A. L. R. at the bottom of page 403. We consider the reasoning in the *Wharf* case, that is, that the rule is changed as to all partnerships, whether real estate or otherwise, by reason of the passage of the Uniform Partnership Act, is the most reasonable rule and is one that we should adopt and do adopt as the applicable rule in this State.

■ In this construction and application of the Uniform Partnership Act we are meeting and reaching the intent of the Legislature in passing this Act. By so doing the conversion of real estate into personalty for certain purposes and then when those purposes have been met, reconverting the real estate back into realty is done away with by this Act. By this construction when a partnership once acquires real estate, with partnership funds and for partnership purposes, it then becomes personalty for all purposes and can be conveyed according to the terms of the Act as other partnership property. This seems a sound rule to apply and we are applying it here.

■ From what has been said above, it results that the decree of the Chancellor must be affirmed. The cause will be remanded so that the Chancellor may fix solicitors fees in the case.

All concur.