**MALLIN v. SCHAPER et al.**

No. 10093.

United States Court of Appeals
Seventh Circuit.

Nov. 2, 1950.

Rehearing Denied Dec. 15, 1950.

Ira B. Burns, and Burns & Burns, Kansas City, Mo., for plaintiff-appellant.

Walter L. Roos, Henry C. M. Lamkin, St. Louis, Mo. (Cobbs, Logan, Armstrong, Teasdale & Roos, St. Louis, Mo., of counsel), for appellee.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

KERNER, Circuit Judge.

This appeal is from a judgment for defendants on a counterclaim in a suit to recover the down payment of $25,000 on the purchase of an apple orchard under contract of sale rescinded by the buyer on the alleged ground of failure of the seller to furnish deed conveying merchantable title.

The contract was entered into April 2, 1946, between plaintiff, the buyer, a citizen of Missouri, and the Schaper Products

Company, a partnership composed of Charles Schaper, an Illinois resident, and Fred Jones, a Missouri resident. It provided for payment by the buyer of $25,000 upon the execution of the agreement and the balance of $50,000 on or before June 1, 1946, and execution and delivery by the seller of a good and sufficient deed conveying merchantable title to two nominees of the buyer, and an abstract showing merchantable title. No date was specified for the delivery of the deed; the abstract was to be furnished "within a reasonable time."

Plaintiff took immediate possession of the orchard and operated it for the 1946 growing season. Schaper, who had signed the contract for himself and the Schaper Products Company, died in October 1946. At the time of his death the abstract had not yet been completed. A deed had been executed and signed by Schaper and his wife but had not been accepted by plaintiff. After Schaper's death, plaintiff served upon Jones and the heirs of Schaper a notice of rescission of the contract on the ground of default in performance, demanded the return of his down payment less a credit for fair rental value of the orchard, and surrendered possession of the orchard to them.

Plaintiff named Mrs. Schaper, who had been appointed executrix of her husband's estate, as defendant to this suit, reciting in his complaint that he had not made Fred Jones a party because he lived in Missouri and was not subject to the jurisdiction of the court. He further stated that Jones had filed a partnership inventory listing the property here involved and claiming title to it as partnership property.

Mrs. Schaper filed answer and counterclaim; Jones filed a motion to intervene and, when this was granted, he also obtained leave to file a copy of the original answer and counterclaim of Mrs. Schaper as his own; plaintiff filed answer to the counterclaim and motion for leave to file an amended petition asking relief against Jones, and a motion to dismiss the counterclaim; the court denied the motions to file amended petition and to dismiss the counterclaim, and the matter thereupon proceeded to hearing on the original complaint and the counterclaim, culminating in the judgment from which this appeal is prosecuted, in favor of defendants on their counterclaim, with a direction that one-half thereof be paid to each defendant. We have only listed these various pleadings and proceedings without description or discussion because we are convinced that the original complaint should have been dismissed by the court on its own motion for lack of jurisdiction appearing on the face of the complaint.

The complaint itself states that the contract in suit was that of a partnership, one of the partners in which had died before the suit was filed, and that the surviving partner was a resident of the same state as the plaintiff. According to the Uniform Partnership Act, in effect in Illinois where the contract was executed and intended to be performed, the death of any partner brings about the dissolution of the partnership and it then devolves upon the surviving partner or partners to wind up the affairs of the partnership, and title to specific partnership property vests in him or them for that purpose. Wharf v. Wharf, 306 Ill. 79, 86, 137 N.E. 446. Sec §§ 31, 25, chap. 106½, Ill.R.S.1949. Hence it is the surviving partner who is charged with responsibility for the performance or non-performance of partnership contracts and answerable for breaches of such contracts. 40 Am.Jur. Partnership, §§ 301, 316, 318. It follows that the surviving partner is not only *an* indispensable party to all actions involving partnership obligations, he is *the* indispensable party, and the court can acquire no jurisdiction over any such action to which he is not a party. As was said in Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F.2d 216, 225, "It is axiomatic that indispensable parties cannot be dispensed with in diversity cases even though their presence will defeat federal jurisdiction." See also Metropolis Theatre v. Barkhausen, 7 Cir., 170 F.2d 481. And where the jurisdiction of the federal court depends upon diversity of citizenship, the intervention of an indispensable party who is a resident of the same state as an adverse party cannot serve to confer jurisdiction.

Johnson v. Middleton, 7 Cir., 175 F.2d 535.

Defendants seek to parry the effect of these authorities and to sustain the jurisdiction of the court on the theory that plaintiff based his action on a separate obligation to perform a partnership contract into which Schaper had entered in accordance with § 15 of the Uniform Partnership Act. We assume that this contention is bottomed on the fact that he signed the agreement in his own name and that of the company by himself as parties of the first part. We do not understand that one partner merely by signing the contract in his own name may be held to have entered into a separate obligation to perform, subjecting his estate after his death to primary liability under the contract. Hence we are convinced that the surviving partner, Jones, was an indispensable party to the action, and since it was clear from the original complaint that his participation in it would extinguish diversity of citizenship, the court lacked jurisdiction and the complaint should have been dismissed.

Judgment reversed without recovery of costs by either party.