**In the Matter of the MARRIAGE OF Pat M. ALLEN and Virginia G. Allen.**

**No. 07–84–0018–CV.**

Court of Appeals of Texas,
Amarillo.

April 15, 1985.

Rehearing Denied May 29, 1985.

Second Motion for Rehearing Denied
June 20, 1985.

Benson & Benson, Charles E. Benson, Lubbock, for appellant.

Carr, Evans, Fouts & Hunt, Donald M. Hunt, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Virginia Allen brings this appeal from an order enforcing a divorce decree. In the order she was directed to execute a conveyance of certain real property to her ex-husband, and appellee herein, veterinary doctor Pat Allen. We reverse the order of the trial court and render judgment that appellee take nothing by this proceeding.

The divorce decree was dated March 27, 1981 and was signed on April 1, 1981. This action was instituted on July 16, 1981. Both parties are agreed that the decree had become final and, although the trial court still might issue orders enforcing or clarifying that decree, it had lost jurisdiction to modify or change it.* *McGehee v. Epley,* 661 S.W.2d 924, 926 (Tex.1983); *Schwartz v. Jefferson,* 520 S.W.2d 881, 888 (Tex. 1975); *Ex Parte McKinley,* 578 S.W.2d 437, 438 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). *See also* Tex.R.Civ.P. 329b. Thus, the question presented for our decision is whether the trial court's action was a permissible clarification or enforcement of its divorce decree or an impermissible modification or change of that order.

The divorce decree approved and incorporated a property settlement agreement between the parties. That agreement, in pertinent part, contained the following provisions:

AGREEMENT TO SURVIVE
JUDGMENT

\*     \*     \*     \*     \*     \*

---

* The pleadings and order were filed prior to the effective date of Tex.Fam.Code Ann. §§ 3.70–3.-77 (Vernon Supp.1985) which contain provisions for enforcing and clarifying divorce decrees.

(B) If any property is left out by inadvertence or otherwise and/or discovered later, then the parties shall own the same one-half each.

\* \* \* \* \* \*

OTHER PROVISIONS

\* \* \* \* \* \*

(E) It is understood and agreed that the parties have intended to divide all community property in the control of or in the possession of either or both parties hereto. In the event that property is not disposed of and/or is not mentioned and is subsequently discovered the same shall be deemed jointly owned by the parties hereto.

\* \* \* \* \* \*

PROPERTY TO BE SET ASIDE
TO HUSBAND

\* \* \* \* \* \*

4. All household goods, vehicles and personal property presently under the control of or in the possession of husband;

5. All interests in the corporate stock of that certain corporation that owns and operates that certain veterinarian business presently owned by the parties.

There is no record available of any testimony produced at the divorce hearing. However, at the bench trial of this particular proceeding both appellant and appellee testified. Appellant testified that appellee had entered into a partnership with another veterinarian, Dr. Fraley, for the practice of veterinary medicine. In order to effectuate that purpose, the real and personal property of the Key Veterinary Clinic was purchased. The deed conveying the real property here in question was dated July 13, 1977 and expressly conveyed the premises to appellant, appellee, Dr. Fraley, and Dr. Fraley's wife. In that instrument the vendor's lien was retained to secure a note in the principal sum of $150,000 payable to the order of American State Bank, Lubbock, Texas. Appellant testified that it was expected that the proceeds from the partnership practice would pay for the property. She testified that the real property was never discussed during the property settlement negotiations and that she just "did not think about it." Her claim is that the real property was not included in the settlement agreement and she therefore owns a one-half interest in it.

Appellee said the partnership was entered into at or near the same date as that of the execution of the deed. The $150,000 shown in the deed was actually an SBA loan obtained through American State Bank. Of this amount, $140,000 represented the purchase price of the premises and the remainder of $10,000 was for operating funds. Appellee and his partner had claimed depreciation on the building located on the premises on their partnership returns for 1977 and 1978. In 1978 some assets of the partnership were incorporated but the real estate was never conveyed to that corporation. All of the payments on, and repairs to, that real property were made by the partnership. Appellee said he assumed he was to receive the real property under the property agreement.

Appellee contends that he was entitled to the relief granted him by the trial court because the property settlement agreement incident to the divorce set aside to him "all household goods, vehicles and personal property presently under the control of or in the possession of Dr. Allen." In its divorce decree, the trial court expressly approved that agreement and ordered the Allens to execute "all instruments necessary to effect the decree." Reasoning further, appellee says that the real property in question was an asset of the partnership and, hence, was personal property under the control of appellee within the purview of the divorce decree and settlement agreement. Therefore, he continues, when appellant refused to convey the property, the court, in the order under attack, properly enforced that portion of the divorce decree requiring the execution of instruments by the parties to effectuate the property division.

■ It is obvious that appellee's argument must be based on his premise that the

real property was a partnership asset and must be considered by this Court as "personal property under the control or in the possession of Dr. Allen" within the purview of the property settlement agreement. He acknowledges that "real property" ordinarily does not come within the concept of "personal property." However, he argues, by virtue of Tex.Rev.Civ.Stat.Ann. art. 6132b (Vernon 1970), a partner's interest in a partnership, including partnership real property, is a personal property interest. He specifically emphasizes section 26 of article 6132b which provides:

A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property for all purposes.

Appellee acknowledges that no Texas case has yet so addressed section 26 but he argues that a number of other jurisdictions have applied the similar sections to similar facts and arrived at the conclusion that partnership real estate must be regarded as personalty for all purposes. As an exemplar of such cases he cites *Cultra v. Cultra*, 188 Tenn. 506, 221 S.W.2d 533, 535 (1949). He argues that although the specific point he urges may not have been written up, the principle of recognizing a partner's interest in real property as personalty has been recognized in Texas even before the adoption of the Texas Uniform Partnership Act and cites *Miller v. Howell*, 234 S.W.2d 925, 927 (Tex.Civ.App.—Fort Worth 1950, no writ). *Miller* does indeed recognize that principle, but in the context that partnership real property may be recognized as personalty to the extent that it is necessary for the payment of debts of the partnership and the adjustment of the equities of the partners.

■ Appellee also argues that appellant cannot now contest the partnership character of the real property "because the court made both express and implied findings, neither of which she attacks." In support of this conclusion, he cites the general rule that where no findings of fact are requested or filed, a trial court's judgment implies all necessary fact findings in support of the judgment. *Goodyear Tire & Rubber Co.*

*v. Jefferson Const.*, 565 S.W.2d 916, 918 (Tex.1978); *Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975). Appellee correctly states the rule. It is subject however to the caveat that the court cannot presume such a finding unless the evidence supports such a finding. *Warren Petroleum Corp. v. Martin*, 153 Tex. 465, 271 S.W.2d 410, 412 (1954). Appellee's reference is, he says, to three implied findings and a fourth finding actually contained in the court's order. These are:

(1) The real property was purchased by the partnership, paid for by the partnership and claimed by the partnership.

(2) The partnership held equitable title to the real property as an asset, profit or surplus of the partnership.

(3) Mrs. Allen and Dr. Allen both intended that Dr. Allen would receive all of the partnership and corporate assets.

(4) The partnership real property was a part of the partnership assets awarded to Dr. Allen in the divorce decree as personal property.

■ In support of her position that the instant property was not included in the property settlement and that its inclusion therein is not mandated by the language pointed out by appellee, appellant argues that the prime rule of construction known as *ejusdem generis* must be applied in a consideration of the property agreement. That rule, of course, provides that where general words follow an enumeration of persons or things, by words of a particular and specific meaning, those general words are not to be construed in their widest meaning but are limited to persons or things of the same kind or class as those specifically mentioned. *Stanford v. Butler*, 142 Tex. 692, 181 S.W.2d 269, 272 (1944); *Farmers' & Mechanics' Nat. Bank v. Hanks*, 104 Tex. 320, 137 S.W. 1120, 1124 (1911); Black's Law Dictionary 464 (5th Ed.1979). Reasoning further, application of that rule to this case would, she says, result in the conclusion that the general phrase "personal property," following the words "household goods" and "vehicles," must be restricted to that designated class of property, *i.e.*, inanimate tangible personal property.

It is axiomatic that in a proceeding of this nature, the trial court has no authority to modify its divorce decree but its power is limited to an order clarifying or providing for enforcement of such decree. *McGehee v. Epley,* 661 S.W.2d at 925. In this case, the order of the court exceeded that authority. We have set out in considerable detail the contentions of the parties to demonstrate that questions of substantive law and fact exist which must be resolved in an appropriate proceeding. For example, a question exists as to whether the property in question was indeed partnership property or whether it was community property to be used by the partnership, with the community to be reimbursed for such use. Moreover, a construction of the settlement agreement and determination of the intent of the parties is necessary to a resolution of the dispute. These are but examples of the complexity of the differences between the parties and the substantive questions which must be determined. Parenthetically, we note that the general language of the order here in question requiring appellant to "execute and deliver an appropriate conveyance" may be unenforceable. *Ex Parte Choate,* 582 S.W.2d 625, 627 (Tex. Civ.App.—Beaumont 1979, no writ).

■ In summary, the challenged order was more than in aid of and clarification of the divorce decree. It amounted to a modification of that order and a resolution of substantive disputes which the trial court had no authority to do in this type of proceeding. We are therefore compelled to reverse the action of the trial court and render judgment that appellee take nothing.

## ON MOTION FOR REHEARING

### PER CURIAM.

Dr. Pat M. Allen, the original appellee in this proceeding, has filed a motion for rehearing. In that motion, he attacks our judgment in five points of error. In his first three points he asserts that this Court erred in its rendition of a take-nothing judgment against him because: (1) five unattacked claims of Dr. Allen provide separate and independent bases on which we must affirm in the absence of complaint by the original appellant Virginia Allen; (2) if the other five claims were not adjudicated, then the order appealed from is interlocutory and this Court has no jurisdiction; or (3) if this Court has jurisdiction, the cause should be remanded in the interest of justice.

As Dr. Allen points out in his motion for rehearing, in the instrument denominated "Third Amended Petition for Enforcement of Decree and Alternative Relief," he pleaded the following six claims:

(1) Claim for clarification and enforcement of the Decree of Divorce and the Agreement Incident to Divorce;

(2) Claim for a declaratory judgment to construe the Agreement Incident to Divorce;

(3) Claim for bill of review, based on fraud and mutual mistake;

(4) Claim for reformation of the Agreement Incident to Divorce based on mutual mistake;

(5) Claim for entry of a nunc pro tunc judgment, pursuant to TEX.R.CIV.P. 316, 317; and

(6) Claim for a constructive trust.

However, each one of these claims was related to the same question: the status of the real property here in controversy. The order giving rise to this appeal expressly recites that the parties "announced ready for trial, and the Court proceeded to hear the issues presented by the parties concerning . . . the real property at 7801 University, legally described as Lot 1, Novella Addition, City of Lubbock, Lubbock County, Texas. . . ."

The language of the order compels the conclusion that it must be viewed as one considering and disposing of all issues made by the pleadings in the case. *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 896 (Tex.1966).

■ Dr. Allen also argues that the "non-jury hearing which occurred here, particularly in face of the request of Mrs. Allen for a jury trial," could not be a "case regularly set for a conventional trial on the

merits," necessary to invoke the *Aldridge* rule. We disagree. As noted above, the order expressly recites that both parties were present and announced ready for trial. Even assuming, arguendo, that Mrs. Allen's request for a jury trial would have been an obstacle to the instant hearing, as appellee pointed out in his brief on original proceeding, by "proceeding to trial without objection, Mrs. Allen waived any right to jury trial." We think appellee was correct and the authorities he cited mandate that Mrs. Allen waived any right she might have had to a jury. We are also convinced that the hearing was, in this instance, a "trial" within the purview of the *Aldridge* rule. Under this record, Dr. Allen's first three points must be, and are hereby, overruled.

In his fourth and fifth points, Dr. Allen contends that we erred in reversing the trial court's order and in holding that the trial court had no authority to resolve "substantive disputes." We remain convinced that our original disposition of this cause was correct. Appellee's fourth and fifth points are overruled.

The motion for rehearing is overruled.