**REM ENTERPRISES, LTD., A Tennessee General Partnership, Plaintiff–Appellee,**

*v.*

**Ron C. FRYE, Defendant–Appellant.**

Court of Appeals of Tennessee, Eastern Section.

July 17, 1996.

Permission to Appeal Denied by Supreme Court Jan. 6, 1997.

Andrew R. Tillman, Carlyle Urello, Paine, Swiney, and Tarwater, Knoxville, for Plaintiff–Appellee.

James W. Hodges, Jr., Memphis, for Defendant–Appellant.

## OPINION ON PETITION TO REHEAR

FRANKS, Judge.

The plaintiff has filed a petition for rehearing which asserts that we overlooked plaintiff's response to a fax from Frye's attorney which was mentioned in the original opinion.

REM, a partnership consisting of Dewey Randall Waddell, Elizabeth Waddell Short, Michael Lynn Waddell, and Waddell Enterprises, Inc., faxed Frye a specimen deed on January 30, 1995. A dispute then arose over REM's failure to provide a partnership certificate of acknowledgment and a corporate resolution from Waddell Enterprises, Inc. According to the affidavit of the title attorney at Charter Savings Bank (Frye's lender), the attorney for REM was notified of these problems. On March 6, 1995 a fax from Frye's attorney informed REM that the lender bank required a corporate resolution for good title and that until this was done, he considered REM in breach of the settlement agreement. REM then faxed Frye a deed that included a partnership certificate of acknowledgment.

Frye did not appear at the scheduled closing.

On March 7, 1995 REM filed an Application for Entry of Final Judgment asking the court to enter judgment as provided in the settlement agreement. On March 14, 1995 the Chancellor ruled that Frye had "not fulfilled his obligations under the Compromise and Settlement ... Plaintiff is entitled to immediate entry of a final judgment under the Compromise and Settlement...." The Court stated that the cloud asserted on the title was wrongful, null, and void, and that REM could recover $20,000.00 in damages.

Our opinion was issued on May 23, 1996. We determined that a corporate acknowledgment was necessary to convey valid title and remanded the case to determine which party breached the settlement agreement.

Appellant in his brief had argued that REM had failed to timely satisfy two elements necessary for an effective conveyance, a partnership acknowledgment and a corporate resolution, which were believed to be required because Waddell Enterprises, Inc., a corporation, was a one of REM's partners.

While we addressed the issue of the partnership acknowledgment, we overlooked the acknowledgment that was submitted and in the record. Since REM had provided an acknowledgment, signed by all of the partners, that point was moot.

The issue of whether a corporate resolution was required is governed the following provision:

T.C.A. § 61–1–109 reads:

**Conveyances of real property.**—(a) When title to real property is in the partnership name, any partner may convey title to such property by a conveyance executed in the partnership name, but the partnership may recover such property under the provisions of § 61–1–108(a), or unless such property has been conveyed by the grantee or a person claiming through such grantee to a holder for value without knowledge that the partner, in making the conveyance, has exceeded his authority.

**T.C.A. 61–1–108(a) reads:**

**Agency of partners.**—(a) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member, binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no authority.

When Waddell Enterprises, Inc. entered the partnership agreement, it became a partner governed by the Partnership Act. See *Cultra v. Cultra*, 188 Tenn. 506, 221 S.W.2d 533 (1949). Although *Cultra* was drawing a distinction between property which would stay part of the partnership and property which descended to the heirs of a deceased partner, its holding that partnership rules take precedence is applicable. *See Putnam v. Shoaf*, 620 S.W.2d 510 (Tenn.App.

1981); *also see Holcomb v. Fulton,* 43 B.R. 273 (M.D.Tenn.1984). As a partner, Waddell Enterprises' conveyance of property was governed by the same § 61–1–109 partnership provision as the other partners. A corporate resolution was therefore not necessary.

REM supplied a deed and acknowledgment before the deadline for the agreement. Given that the conveyance was governed by partnership rules which do not require a corporate resolution, REM supplied the necessary elements for a good title. As Frye's refusal to close the deal therefore breached the obligation of the settlement agreement, we conclude the Trial Court's award of damages to REM should be affirmed.

To the extent that this opinion is in conflict with our original opinion, the original opinion is recalled and modified.

The judgment of the Trial Court is affirmed and the cause is remanded for entry of judgment with cost of the appeal assessed to appellant.

McMURRAY and SUSANO, JJ., concur.