UNITED STATES v. WORLEY et al.

DUNN v. WORLEY et al.

Nos. 11975, 11976.

United States Court of Appeals, Sixth Circuit.

June 2, 1954.

James Q. Riordan, Washington, D. C. (H. Brian Holland, Ellis N. Slack, A. F. Prescott, Washington, D. C., Fred Elledge, Jr., James M. Swiggart, Nashville, Tenn., on the brief), for the United States.

Charlotte Worley, in pro. per. (W. Raymond Denney, Nashville, Tenn., on the brief).

Robert W. Sturdivant, Nashville, Tenn. (Wm. J. Harbison, Nashville, Tenn., on the brief), for Ross V. Dunn, trustee.

W. Raymond Denney, Nashville, Tenn., as guardian ad litem.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

SIMONS, Chief Judge.

The controlling questions posed in these appeals involve title to real estate claimed by the trustee of a bankrupt corporation which acquired it from a predecessor partnership, the priority of liens filed by the United States for income taxes due from the individual members of the partnership, and the validity of a judgment entered against the United States.

In 1939, William Hoyt Elliott and Claude H. Worley became partners in a merchandising business in Nashville, Tennessee, under the firm name of National Specialty Company. On Nov. 20, 1942, the partnership purchased two tracts of land in Nashville with partnership funds and for partnership purposes and received conveyances of such tracts to the partnership. On November 12, 1946, the partnership purchased a third parcel also with partnership funds for partnership purposes with a like conveyance to the partnership. On November 5, 1945, Worley and his wife entered into a separation agreement which recited that Mrs. Worley was to be paid one-half of Worley's drawing account from the partnership, one-half of its profits when distributed and, in the event of dissolution, one-half of the capital interest of Worley in the partnership. The agreement included a provision that Mrs. Worley would, out of the funds so provided, give proper care and attention to the child of the contracting parties. It was further provided that a copy of the agreement should be transmitted to the partnership and become effective as an assignment. The copy was so transmitted and its receipt acknowledged by the partnership which agreed to make the payments directed therein.

On November 20, 1947, the United States filed notices of tax liens against Elliott and against Worley for delinquent income taxes assessed against each individually for the period 1943 to 1946, inclusive. On December 10, 1947, the partnership mortgaged one of its pieces of real estate to the Pilot Life Insurance

Company to secure the payment of a $40,000 loan made to it by the company. Subsequently, the proceeds of the loan were paid to the United States by Elliott and Worley, in partial satisfaction of their respective income tax liabilities— $20,000 on behalf of each. On January 1, 1948, Worley and Elliott formed a corporation under the style of the National Specialty Company and on the same date made a written offer, in the name of the partnership, to sell the entire assets of the business to the corporation, upon consideration of the issuance by the corporation to each of the partners of 800 shares of its capital stock and notes of the corporation for a balance of the purchase price. The offer recited that the interest of Worley in the corporation would be subject to an indebtedness by him to the corporation for which he was to give his note with his stock pledged as collateral security for its payment. The corporation accepted the offer and noted acceptance upon its minutes. The corporation thereupon took possession of all of the assets of the partnership and continued its business at the same location. On or about January 12, 1948, the partnership ceased to do business. Worley's shares of stock pledged as collateral to his note were surrendered to him by the corporation for the purpose of procuring a loan for the company. Though the loan was never negotiated, the stock was never returned to the corporation and is now in the possession of Mrs. Worley. Worley died September 27, 1949 leaving his widow (the appellee Charlotte Worley) and a minor son C. H. Worley, Jr., surviving. Prior to Worley's death, no instruments of conveyance had been executed by the partnership to the corporation. Upon discovery of the oversight, Elliott, as surviving partner, on October 6, 1950 and October 17, 1950, deeded each of the three parcels of land to the corporation.

On May 25, 1951, an involuntary petition in bankruptcy was filed against the corporation and a proposal for an arrangement under Chapter 11 proving abortive, the corporation was adjudicated bankrupt on August 6, 1951 and the appellant Dunn appointed as its trustee. He filed a petition with the referee listing the three parcels of real estate, reciting that they had been partnership assets, that one parcel was subject to a lien due the Pilot Life Insurance Company, that the United States claimed prior liens on all three tracts for the payment of individual income taxes of Elliott and Worley and seeking to have declared the status of the three tracts, in respect to title and the validity of the liens. All persons in interest were made parties. Charlotte Worley answered that she was the owner of one-fourth interest in all of the real estate by virtue of the separation agreement with her husband and the Pilot Life Insurance Company asserted priority over the United States under its deed of trust. The United States having filed a civil action in the District Court to foreclose its liens, its suit was consolidated with the bankruptcy proceedings by order of the court, on December 24, 1951, and the whole controversy referred to the referee in bankruptcy.

The referee held that the trustee in bankruptcy had valid title to all three parcels of real estate, subject only to the lien of the Pilot Life Insurance Company upon the Woodland Street property; that the United States held no valid tax liens against the partnership real property for debts owed by the partners individually; that Mrs. Worley either individually or as administratrix, or as the guardian of her son, had no right, title or interest in any specific property of the partnership, by reason of the separation agreement.

The District Court, reviewing the referee's decision, upon motion of the United States and Mrs. Worley, entered a decree which provided for a sale of the three tracts of real estate and that upon its confirmation the trustee should satisfy the mortgage of the Pilot Life Insurance Company out of the proceeds of the Woodland property with the remainder of the proceeds of the three parcels to be distributed ¼ to Mrs. Worley, as guardian of her minor son, and the remaining ¾ to the trustee in bankruptcy. It fur-

ther provided for entry of a judgment against the United States in the amount of $10,000 plus interest at the rate of 6% per annum in favor of Mrs. Worley, as guardian, on the ground that the payment by Worley of his share of the mortgage proceeds in reduction of his personal income tax liability was a conversion of partnership property to which the United States was a party. The two appeals followed, the government's grievance being that its liens against all three parcels of land should be given priority and also that no valid judgment may run against the government on the ground that it knew or participated in the alleged conversion. The trustee is aggrieved at the holding that he is not entitled to the entire proceeds of the realty over the secured indebtedness to the Pilot Life Insurance Company.

■ The jurisdictional basis for the judgment against the United States must rest, if at all, upon the Federal Tort Claims Act, Tit. 28 U.S.C. § 1346(b), or upon the refund provisions of § 3772 of the Internal Revenue Code, 26 U.S.C. § 3772. The Congress by the Federal Tort Claims Act, for the first time, waived its sovereign immunity by giving consent to being sued for specified torts committed by federal employees. However, the prompt collection of taxes being vital to the operation of the government, § 2680 (c) provides, in part, that § 1346(b) shall not apply to "any claim arising in respect of the assessment or collection of any tax or custom's duty * * *." In Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427, the Supreme Court declared that Congress did not intend that the government should be subject to liability arising from acts of a governmental nature or function. In Broadway Open Air Theatre, Inc., v. United States, 4 Cir., 208 F.2d 257, the court upon facts almost identical with those here disclosed dismissed a similar action for lack of jurisdiction. Nor can the judgment here be sustained as one for refund. Section 3772 provides that there may be no recovery of any Internal Revenue tax, erroneously or illegally collected, until a claim for refund has been filed with the Commissioner, the claim denied and a suit for collection begun within two years after notice of its disallowance. The District Court was without jurisdiction to give judgment against the United States. Jones v. Watts, 5 Cir., 142 F.2d 575, 163 A.L.R. 240, does not here apply, since it involved an attack upon an invalid money judgment obtained by the government in an action in which it was a party.

■ The denial of priority to the asserted liens of the United States upon the property of the bankrupt corporation, in which the court was right, and the grant of a ¼ interest in the real estate to Mrs. Worley, as guardian for her son, in which we think the court was wrong, both bring into focus the essential nature of the interest of a partner in partnership property. The Uniform Partnership Law as enacted in Tennessee by § 7863 et seq. of Williams' Tennessee Code provides in § 7864(2) that a partner has an equal right to possess specific partnership property for partnership purposes but he has no right to possess such property for any other purpose without the consent of his partners. A partner's right in specific partnership property is not assignable except in connection with the assignment of the rights of all the partners in the same property and is not subject to attachment or execution except on a claim against the partnership. It also provides that, upon the death of a partner, his right in specific partnership property vests in the surviving partner. Partnership property is not, therefore, subject, during the life of the partnership, to the debts of the individual partners. United States v. Kaufman, 267 U.S. 408, 45 S.Ct. 322, 69 L.Ed. 685; Adler v. Nicholas, 10 Cir., 166 F.2d 674, 678. As was said in the latter case, supported by multiple precedents: "A partner's interest in the partnership property is his share of the surplus after all partnership debts have been paid, and that surplus alone is liable for the separate debts of each partner." We reject a contention that the real estate became the property

of the individual partners before it was transferred to the corporation as not supported by either the law or the evidence. It follows that there was no lien of the United States upon the property of the bankrupt corporation, nor can such lien be derived from § 3670, 26 U.S.C., which provides for a lien in favor of the United States upon property *belonging* to the taxpayer or under § 3672 which makes such a lien valid against any subsequent transferee. The bankrupt corporation was not a transferee of the individual property of the partners but a transferee solely of partnership property and the partnership not being a taxable entity owed no taxes to the government.

The separation agreement between Worley and his wife, even if construed as an assignment for the benefit of a third party, could convey to Mrs. Worley, as guardian for her son, nothing more than what Worley owned and could assign. It was also limited by the terms of the agreement itself, which conveyed one-half of his drawing account, one-half of his profits, and one-half of his capital interest in the partnership, in the event of its dissolution. His capital interest would have been nothing more than his share of the surplus of capital assets over and above the debts of the partnership. Worley's obligations to his wife or minor son were not assumed by the corporation. His ultimate interest in the partnership capital was exchanged for stock in the corporation, and this stock Mrs. Worley now has. It must be assumed that the consideration was adequate, even though the stock may since have become worthless. Neither Mrs. Worley, in her individual capacity, nor as guardian of her minor son, has any lien upon the assets of the bankrupt—and this without regard to whether the separation agreement was or was not recorded. That she had no title to the partnership property is clearly indicated by Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L. Ed. 665; Rossmoore v. Commissioner, 2 Cir., 76 F.2d 520.

This being our view, there is no need for an extended discussion of the case of Cultra v. Cultra, 188 Tenn. 506, 221 S. W.2d 533, which was advanced to meet the contention that the agreement was not recorded and which the court below interpreted to mean that all partnership real estate became personalty, except to say that in our view the District Court failed to note the distinction between an interest in a partnership and title to real estate possessed by the partnership, terms that are not synonymous; and that the Tennessee court did not undertake "to nullify the well settled rules of real property."

The decree below will be amended by excising therefrom the provision that requires a ¼ interest in the assets of the bankrupt to be assigned to Charlotte Worley, as the natural guardian of C. H. Worley, Jr., and, in place thereof, the decree will direct that the proceeds of the sale, after the payment of the Pilot Life Insurance Company mortgage, will be retained by the trustee for the payment of the debts of the bankrupt, and by excising also the provision in the decree which requires that Mrs. Worley recover from the United States the sum of $10,000, with interest, and, as so amended,

The decree will be affirmed.