Mrs. Charlotte L. WORLEY, Administratrix, and C. H. Worley, Jr., Appellants,

v.

William Hoyt ELLIOTT, and Killashun Sales Division, Inc., Appellees.

Mrs. Charlotte L. WORLEY, Administratrix, and C. H. Worley, Jr., Appellants,

v.

Ross V. DUNN, Trustee, and National Specialty Co., Inc., Appellees.

Nos. 12644, 12645.

United States Court of Appeals Sixth Circuit.

April 10, 1956.

Charlotte L. Worley, pro se.

Robert W. Sturdivant, Nashville, Tenn., on brief, for Ross V. Dunn, trustee.

W. W. Berry, Nashville, Tenn., for First American Nat. Bank of Nashville.

William C. Sugg, Elkin Garfinkle, Nashville, Tenn., for William Hoyt Elliott.

Fred Elledge, Jr., Andrew M. Gant, Jr., Nashville, Tenn., for United States and Col'r. of Int. Rev.

Elkin Garfinkle, Nashville, Tenn., for William C. Sugg.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

SIMONS, Chief Judge.

The appellant appeals from decrees of the District Court entered in a bankruptcy case involving the liquidation in bankruptcy of the assets of the corporation in which her deceased husband was an officer and stockholder. The corporation had acquired the capital assets of a partnership between one Elliott and the deceased Claude H. Worley. The basic question as to the interest of Mrs. Worley in the real estate and other assets assigned to the corporation in exchange for stock had been fully litigated and decided in our case of United States v. Worley, (Dunn v. Worley), 6 Cir., 213 F.2d 509. We there adjudged that Mrs. Worley neither in her individual capacity nor as the natural guardian of her son, acquired title to the capital assets of the partnership by virtue of an alleged assignment of his interest in the partnership assets. A petition for certiorari was denied 348 U.S. 918, 75 S.Ct. 302, 99 L.Ed. 720, and a petition for rehearing was likewise denied 348 U.S. 940, 75 S.Ct. 362, 99 L.Ed. 736. Our decision has become the law of the case in this respect and will not be reconsidered by us nor relitigated in the District Court. We held that Worley's capital interest in the partnership was nothing more than the surplus of the assets over and above the debts of the partnership, and it had been exchanged for stock in the corporation, which Mrs. Worley now has.

At the time the original appeals were pending in this Court, Mrs. Worley had pending in the District Court various petitions against the trustee in bankruptcy and other parties which had been fully considered by the Referee in an exhaustive report to the Court with specific findings of fact and conclusions of law. Her petitions to review the Referee's orders were not immediately ruled upon because of the pendency of the original appeals. Her petition to recover from the National Specialties Co. Inc., bankrupt, and from the 1st American National Bank ¼ of the amount of deposits made by the bankrupt company and ¼ of the notes receivable paid through the bank aggregating over $1,000,000, had been denied by the Referee on the ground that the bankruptcy court had no summary jurisdiction and that resort must be had to a plenary action. Her petition seeking judgment against the United States in the sum of $500,000, and against certain individuals based upon charges of conspiracy were also denied. The same result was reached on her petition asking for an order directing the trustee to pay her her widow's rights. Her petition seeking to establish an interest in the capital surplus and profits of the partnership was similarly overruled, and was apparently based upon a mistaken interpretation of our reasoning in the original case. If a capital surplus had existed in the partnership it had previously been assigned to the corporation in exchange for stock.

Following our decision on June 2, 1954, Mrs. Worley's various petitions to review the order of the Referee dated September 24, 1953, were considered in the District Court by another judge thereof. After a hearing, and upon consideration of the entire record and a review of applicable authorities, the Court affirmed the orders of the Referee, and adopted his findings and conclusions as being sound both in law and in fact. Decrees were entered implementing its memorandum on the 14th of June, 1955, and the 22nd of June, 1955. Since then we have been inundated by a flood of briefs, letters, and exhibits, which, though filed with the Court without consent thereto being previously obtained, have been fully considered by us. In so far as they are intelligible, they indicate no jurisdiction in a Bankruptcy Court to pass on the appellant's petitions and no causes of action against the several appellees are disclosed. We have before us then concurrent findings of Referee and Court overruling the several petitions. A consideration of such record as we have, leads to the conclusion not only that the findings

528

below are not clearly erroneous, but a firm conviction that they are sound.

The decrees of the bankruptcy court are affirmed and it is directed to proceed as expeditiously as possible with the final liquidation of the estate.