**Charlotte L. WORLEY, Admx., and individually, et al., Appellants,**

v.

**NATIONAL SPECIALTY COMPANY, Inc., Bankrupt and Ross V. Dunn, Trustee, et al., Appellees.**

**No. 12977.**

United States Court of Appeals Sixth Circuit.

April 17, 1957.

Dean Denlinger, Dayton, Ohio (Charlotte L. Worley, pro se, on the brief), for appellants.

Robert W. Sturdivant, W. W. Berry and Elkin Garfinkle, Fred Elledge, Jr., U. S. Atty., Nashville, Tenn., for appellees.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

In a case in which the National Specialty Company, Inc. was the bankrupt and the appellee Dunn its trustee, this is the third of three appeals in which the Administratrix, for herself and as natural guardian of her minor son, seeks recovery against the estate of the bankrupt.

In the first appeal, United States v. Worley, 213 F.2d 509, we adjudged that Mrs. Worley neither in her individual capacity nor as the guardian of her son acquired title to the capital assets of a predecessor partnership by virtue of an assignment by her late husband of his interest in the partnership assets. A petition for certiorari was denied 348 U.S. 918, 75 S.Ct. 302, 99 L.Ed. 720, and a petition for rehearing was likewise denied 348 U.S. 940, 75 S.Ct. 362, 99 L.Ed. 736. We had held that Worley's capital interest in the partnership was nothing more than an interest in the surplus of the partnership assets over and above the debts of the partnership and that this interest had been exchanged for stock in the successor corporation. In Worley v. Elliott, 231 F.2d 526, we affirmed orders of the District Judge approving the decisions of the referee, on the ground that they were not clearly erroneous and then directed the Bankruptcy Court to proceed as expeditiously as possible to the final liquidation of the bank-

rupt's estate. Following our second decision, the appellants sought authority to file plenary suits in the District Court or in the state courts for recovery of assets in the hands of the trustee and for judgments against third parties. The petitions were denied on the ground that none of the matters sought to be made subjects of such suits could possibly become assets of the bankruptcy estate. These orders were approved by the District Court July 25, 1956.

Because of Mrs. Worley's illness and the fact that in this appeal she was her own lawyer, we have made a careful and patient study of the confusing record now submitted to this Court. We are satisfied that most of the points relied upon in the present appeal either show no substantial ground for relief or involve matters which have already been litigated and have become the law of the case. The only new matter involved in this appeal are the orders of the District Judge approving the referee's decisions in denying the petitions for leave to file plenary suits and we sustain the orders of the court approving the denial of such petitions by the referee. We affirm the judgments below now challenged and, as to other matters, we sustain the motions of the bankrupt and its trustee that the appeal should be dismissed.

■ One further observation needs to be made. In our opinion, in 231 F.2d 526, we observed that we have been inundated by a flood of briefs, letters and exhibits filed with the Court, without consent thereto being previously obtained. In the interest of expedition in the closing of the bankrupt's estate and in the interest of the appellants themselves, so that they may not be beguiled by false hopes, and also that the time of a busy Court may not be further encroached upon by personal communications addressed to members of the Court, charging without proofs, bias on the part of the referee and trustee, false swearing by witnesses and charges of incompetency by reputable lawyers, we must announce that the Court will confine itself to the record made in the Court below and the

applicable law without consideration of the personal communications to the members of the Court, which are unsupported by proofs. In view of what we have already said, the judgment of the Court is, 1) that the appeal in so far as it relies upon issues already litigated or are without substantial foundation is dismissed; 2) that the orders of the Court entered on July 25, 1956 are in all respects.

Affirmed.