252 F.2d 712
 Mrs. Charlotte L. WORLEY, Adm'x, and C. H. Worley, Jr., a Minor, Appellants,
v.
Ross V. DUNN, Trustee, et al., Appellees (three cases).
Mrs. Charlotte L. WORLEY, Adm'x, and C. H. Worley, Jr., a Minor, Appellants,
v.
FIRST AMERICAN NATIONAL BANK et al., Appellees.
Mrs. Charlotte L. WORLEY, Adm'x, and C. H. Worley, Jr., a Minor, Appellants,
v.
Robert W. STURDIVANT et al., Appellees.
 Nos. 13271-13273.
 No. 13301.
 No. 13302.
 United States Court of Appeals Sixth Circuit.
 March 3, 1958.
 
 Charlotte L. Worley, per se.
 Robert W. Sturdivant, Elkin Garfinkle and Bass, Berry & Sims, Nashville, Tenn., for First American Nat. Bank et al.
 Robert W. Sturdivant and Elkin Garfinkle, Nashville, Tenn., for Sturdivant et al.
 Robert W. Sturdivant, Fred Elledge, Jr., Andrew M. Gant, Jr., J. O. Bass, Elkin Garfinkle, William Berry, Nashville, Tenn., for Dunn et al.
 Before ALLEN and MILLER, Circuit Judges, and JONES, District Judge.
 SHACKELFORD MILLER, Jr., Circuit Judge.
 
 
 1
 The several proceedings in the District Court, in which these five appeals were taken, arise out of the bankruptcy of the National Specialty Company. These bankruptcy proceedings, which started in 1951, have had our consideration in three prior appeals. United States v. Worley, 6 Cir., 213 F.2d 509, certiorari denied, 348 U.S. 917, 75 S.Ct. 301, 99 L.Ed. 719, rehearing denied, 1955, 348 U.S. 940, 75 S.Ct. 361, 99 L.Ed. 736; Worley v. Elliott, 6 Cir., 231 F.2d 526, certiorari denied, 352 U.S. 855, 77 S.Ct. 82, 1 L.Ed.2d 66, rehearing denied, 1956, 352 U.S. 937, 77 S.Ct. 229, 1 L.Ed.2d 170; Worley v. National Specialty Co., 6 Cir., 243 F.2d 165. The factual situation is set out in those opinions and need not be repeated here. The present five appeals, prosecuted in forma pauperis, have been heard and considered together by the Court upon the records and briefs and arguments of appellant, Mrs. Charlotte Worley, individually, and as Administratrix of the estate of Claude Henry Worley, deceased, pro se, and the attorneys for the appellees. The voluminous records, in the form presented to us, are very unsatisfactory. The numerous motions, briefs and reply briefs filed by the appellants, obviously drafted and written without the assistance of an attorney, largely fail to clearly present and meet the real issues involved. Our consideration of the records and briefs, however, results in the following conclusions.
 
 
 2
 Following the denial of petition for certiorari in United States v. Worley, supra, the appellants filed in the District Court on April 21, 1955, a petition for a new trial in said cause, which motion the Trustee in Bankruptcy moved to strike. Following a hearing before Judge Martin, a member of this Court, sitting as a District Judge by designation, an order was entered on May 6, 1957, denying the motion for a new trial and sustaining the motion to strike. An order was also entered directing the Referee to schedule a final meeting of creditors and report his actions therein to the District Court. Appeals No. 13,301 and No. 13,302 complain of these orders. Favorable consideration by this Court of these appeals is foreclosed by our previous rulings in United States v. Worley, supra, Worley v. Elliott, supra, and Worley v. National Specialty Co., supra, which has become the law of the case. We expressly stated in Worley v. Elliott, supra, 231 F.2d 526, 527, referring to our ruling in United States v. Worley, supra, 213 F.2d 509, "Our decision has become the law of the case in this respect and will not be reconsidered by us nor relitigated in the District Court." We closed the opinion in that case with the statement, "The decrees of the bankruptcy court are affirmed and it is directed to proceed as expeditiously as possible with the final liquidation of the estate." Appellants' motion for a new trial filed in the District Court after denial of certiorari by the Supreme Court was properly overruled by the District Judge. In addition to the lack of merit in the motion, obviously, it was not timely. The order directing a final meeting of creditors looking to the closing of the bankruptcy proceedings was clearly proper and in keeping with the directive of this Court in Worley v. Elliott, supra. We now repeat that directive and call appellants' attention to the fact that there should be an end to a case in litigation, and that when litigants have had their day in court and a final judgment rendered, the successful party and the court should not be burdened with successive efforts thereafter to relitigate the same issues. Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 525-526, 51 S.Ct. 517, 75 L.Ed. 1244. See also our previous opinion in Worley v. National Specialty Co., 243 F.2d 165, 166.
 
 
 3
 Appeals Nos. 13,271, 13,272 and 13,273 arise out of actions filed by the appellants in the District Court. Motions to dismiss on behalf of the appellees in each case were sustained by the District Judge, who filed a written explanation of the ruling.
 
 
 4
 The claim in No. 13,271 was for salary alleged by Mrs. Worley to be due and owing her by the bankrupt corporation. The District Judge ruled that the exclusive remedy was to file the claim with the Referee in the bankruptcy proceeding; that the United States had not given its consent to the type of action being asserted against it, Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427; United States v. Worley, supra; and that the allegations were insufficient to establish liability against the other individual appellees.
 
 
 5
 The claim in No. 13,272 was for recovery by appellants personally of corporate funds of the bankrupt alleged to have been misappropriated. The District Judge ruled that a stockholder has no personal cause of action against an officer of the corporation for misappropriation of assets, which right of action accrues to the trustee in bankruptcy, and that the proper procedure for the assertion of an unliquidated claim against a bankrupt estate was to file the claim with Referee in Bankruptcy.
 
 
 6
 The claim in No. 13,273 was the alleged improper settlement of claims by the Trustee in Bankruptcy. The District Judge ruled that the settlements complained of had been expressly approved by the Court in other proceedings after examination of the facts pertaining thereto.
 
 
 7
 Orders of dismissal were entered on March 4, 1957, in the two cases first above referred to, and on February 26, 1957, in the third case above referred to. Notice of appeal was filed in each case on March 8, 1957. On March 18, 1957, appellants filed in the District Court in each case a motion to dismiss the appeal and that the Court alter and amend its judgment. These motions were also argued before Judge Martin who on May 6, 1957, entered an order in each case which stated that upon consideration of the entire record in the cause and the arguments of the attorneys appointed by the Court to represent the appellants, it appeared that insofar as the motion sought to alter and amend the judgment previously entered, it raised matters that had previously been adjudicated adversely to the appellants, and no error appearing in the judgment, the motion was denied. The present appeals were taken on June 6, 1957, from these orders of May 6, 1957.
 
 
 8
 In our opinion, the three actions were properly dismissed by the District Judge in the orders of February 26, 1957, and March 4, 1957, and there was no error in the entry of the subsequent orders on May 6, 1957, denying the appellants' motion to alter and amend the judgment in each case.
 
 
 9
 The judgment in each of the five appeals is affirmed.