78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re M. Stephen MINIX, Debtor.
M. Stephen MINIX, Appellant,
v.
J. James ROGAN, Trustee; Family Federal Savings and Loan
Association; Citizens National Bank; Sherry
Minix, Appellees.
 No. 94-6140.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1996.
 
 Before: NORRIS, SUHRHEINRICH, and GIBSON,[1] Circuit Judges.
 PER CURIAM.
 
 
 1
 M. Stephen Minix appeals the district court's order affirming the bankruptcy court's denial of Minix's motion to amend his pleadings following discharge in bankruptcy. We affirm.
 
 
 2
 As part of his Chapter 7 claim for relief, Minix valued his residence at $90,000. Family Federal Savings and Loan Association held the first and second mortgages on the residence, while Citizens National Bank held the third mortgage. Minix reaffirmed the third mortgage with Citizens National on July 5, 1988, and reaffirmed the Family Federal mortgages on July 12.
 
 
 3
 On January 17, 1989, the trustee filed an adversary complaint to sell the house. The bankruptcy court allowed Minix to amend his answer, asserting an equitable interest in good faith post-petition payments, and requesting that they be set aside from the proceeds of the sale. Following trial, the bankruptcy court issued an order on August 24, 1990, directing the trustee to sell the house and preserving the Citizens National lien for the benefit of the estate. Minix requested that the court include in its disposition that he was entitled to post-petition mortgage payments. The court refused, stating that the matter was preserved, and the court was making no ruling regarding post-petition payments made voluntarily by Minix.
 
 
 4
 On February 4, 1991, the court granted Family Federal's motion to proceed with the sale, ordering the trustee to sell the property at public auction within sixty days. At the public auction on February 27, 1991, Family Federal purchased the property for $91,000. The trustee conveyed the property to Family Federal by deed on April 3, 1991.
 
 
 5
 In March 1992, Minix sought leave to file an amended answer, cross-claims, and counterclaims. Minix sought to recover the post-petition payments made under his reaffirmation agreement with Family Federal. He also asserted that the trustee, by selling the property to Family Federal without an appraisal and subject to an agreement where Family Federal would pay expenses and costs of sale into the estate, had conducted a private sale that resulted in the loss of his homestead exemption.
 
 
 6
 The bankruptcy court denied Minix's motions to amend his pleadings in its April 3, 1992 order. The court held that the record failed to support Minix's claim that the homestead exemption was to take precedence over the Citizens National mortgage, Minix was bound by the reaffirmation agreement, and he was not entitled to a refund of payments made under these agreements. The bankruptcy court stated that its order of August 24, 1990 made no reference to Minix's claimed equitable interest in his residence and there was no appeal from that judgment. Thus, that judgment is the law of the case.
 
 
 7
 Thereafter, Minix filed a motion for additional findings of fact and to alter or amend the judgment. On July 31, 1992, the bankruptcy court denied the motion, but held that the Family Federal reaffirmation agreement was unenforceable. Minix appealed the April 3 and July 31 orders to the district court.
 
 
 8
 The district court affirmed the bankruptcy court's orders, stating that because Minix "failed to appeal either order directing the trustee to sell the residence ..., the bankruptcy court did not abuse its discretion in denying the motion to amend its pleadings more than one year after the sale was final, especially since amendment would have been futile due to the insufficiency of funds produced by the sale of the home."
 
 
 9
 The district court also affirmed the bankruptcy court's finding that Minix's counterclaim against the estate for insurance, taxes, and improvements would have been futile because there were no funds in the estate. Finally, the court rejected Minix's argument that the sale of the residence was a private sale. Minix appeals.
 
 I.
 
 10
 A district court reviews the bankruptcy court's findings of fact under a clearly erroneous standard of review and reviews conclusions of law de novo. Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629, 631 (6th Cir.1994). "On appeal to this court, we consider the judgment of the bankruptcy court directly, using the same standards of review as the district court." Id. We review the court's refusal to allow amendment of pleadings for abuse of discretion. Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir.1990).
 
 
 11
 Minix first argues that the bankruptcy court abused its discretion in refusing to allow him to amend his pleadings to assert a cross-claim against Family Federal for post-petition mortgage payments. He contends that the bankruptcy court preserved the claim for post-petition payments and under our policy allowing liberal amendment of pleadings, his claim should be allowed.
 
 
 12
 The bankruptcy court ordered the sale of the residence on August 24, 1990 and again on February 4, 1991. Minix failed to appeal and seek a stay of either order pending appeal. Unless notice of appeal is filed within ten days, the judgment of the bankruptcy court becomes final. Fed.R.Bankr.P. 8002; Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.), 684 F.2d 410, 412 (6th Cir.1982) (per curiam). Thus, the bankruptcy court's findings and the order of sale became final and are now the law of the case. See generally Worley v. Dunn, 252 F.2d 712, 713-14 (6th Cir.), cert. denied, 358 U.S. 848 (1958); General Am. Life Ins. Co. v. Anderson, 156 F.2d 615, 618-19 (6th Cir.1946).
 
 
 13
 The district court held that Minix's amended answer did not constitute a cross-claim against Family Federal. The court noted the bankruptcy court's finding that Family Federal was "not placed on notice that the debtor was claiming an interest superior to theirs in the proceeds of sale. There was no occasion for them to respond to the debtor's amended answer." "[T]he debtor did not assert a cross-claim against Family Federal prior to the trial on August 20, 1990. There is no cross-claim to amend."
 
 
 14
 The bankruptcy court held that Minix voluntarily entered into the reaffirmation agreements with Family Federal and understood at the time that he was not required to enter into them. He chose to continue making payments on the property in an effort to keep his house. The trustee did not agree that Minix could keep the house, which was property of the estate. Unless abandoned, the trustee is entitled to sell property of the estate. See 11 U.S.C. § 554. Further, the notice of settlement provided that the property would be sold if an agreement was not reached. At the August 20, 1990 hearing Minix stated that no settlement had been reached with the trustee regarding the house. Thus, when Minix stopped making payments under the reaffirmation agreement, Family Federal sought to enforce the bankruptcy court's previous order of sale, and, on February 4, 1991, the court ordered the trustee to proceed with the sale.
 
 
 15
 The fact that the bankruptcy court later ruled that the Family Federal reaffirmation agreement was unenforceable does not mean that Minix is entitled to a refund of his payments made under the agreement. Relying on In re Gilliland, 62 B.R. 587 (Bankr.D.Neb.1986), Minix argues that he became entitled to post-petition payments when the bankruptcy court declared the Family Federal reaffirmation agreement unenforceable. However, the reaffirmation agreement in In re Gilliland, 62 B.R. at 590, was not executed or presented to the court, and the bank did not follow the reaffirmation provisions of 11 U.S.C. § 524.
 
 
 16
 In Minix's case, Family Federal attempted to comply with the provisions of section 524 and the reaffirmation agreements were presented to the bankruptcy court. Further, the court informed Minix of his right to rescind the agreements and he chose to continue making payments under the agreements. Minix's case differs significantly from the facts of In re Gilliland.
 
 
 17
 Minix could have challenged the bankruptcy court's orders to sell the house and the court's failure to order the trustee to abandon the property. See, e.g., Morgan v. K.C. Machine & Tool Co. (In re K.C. Machine & Tool Co.), 816 F.2d 238, 239 (6th Cir.1987). He failed to do so, and we conclude that the bankruptcy court did not abuse its discretion in refusing to allow Minix to amend his pleadings nearly two years after the court first ordered the property to be sold.
 
 II.
 
 18
 Minix next contends that the bankruptcy court abused its discretion by not allowing him to file an amended counterclaim against the estate to recover post-petition payments for insurance, taxes, and maintenance. The district court noted that the bankruptcy court specifically recognized Minix's claim for reimbursement and found that the claim was worthless because there were no funds in the estate.
 
 
 19
 With no funds in the estate, allowing Minix to amend his counterclaim would have been futile. See Marx v. Centran Corp., 747 F.2d 1536, 1550-51 (6th Cir.1984), cert. denied, 471 U.S. 1125 (1985) (holding that the district court did not abuse its discretion by refusing to allow amendment of pleadings when amendment would be futile). The bankruptcy court's finding was not clearly erroneous, and we affirm the denial of Minix's motion to amend.
 
 III.
 
 20
 Finally, Minix argues that the sale of the house should be set aside because it was a private sale which was not in good faith. He claims that he should have been allowed to file an amended pleading, asserting claims against the trustee and Family Federal for improper sale of the residence. He argues that the order showing Family Federal agreed to pay the expenses of the sale, which was signed by the former judge in the case following his recusal, is evidence of a secret private sale.
 
 
 21
 Again, Minix failed to appeal either of the bankruptcy court's orders of sale, and he did not seek to stay the sale pending appeal. Furthermore, the record does not support Minix's characterization of the sale as private. The trustee conducted a public auction in which Family Federal purchased the property for $91,000. Family Federal then offset its claim against the purchase price of the property. See 11 U.S.C. § 363(k) (1994). After the sale, Family Federal paid the expenses of the sale and the trustee executed the deed to the property. See Fed.R.Bankr.P. 6004(f). The fact that the former bankruptcy judge signed an order submitted by the trustee following the sale, memorializing the agreement between Family Federal and the trustee for Family Federal to pay the expenses of sale to the trustee, does not mean that a private sale occurred. The bankruptcy court did not abuse its discretion in refusing to allow Minix to amend his pleadings.
 
 
 22
 We affirm the bankruptcy court's order denying Minix's motion to amend his pleadings.
 
 
 
 [1]
 The Honorable John R. Gibson, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation